UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANILO FRANCISCO CORTEZ,
    Petitioner,

v.

KIRSTJEN M. NIELSEN, et al.,
    Respondents.

Case No. 19-cv-00754-PJH

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Before the court is petitioner Danilo Francisco Cortez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**[1]

Cortez is a thirty-eight-year-old native and citizen of Nicaragua. He entered the United States without inspection around 1982, at the age of 2 years old, and has been a lawful permanent resident since April 29, 1992. In 1998, at the age of 17, Cortez committed murder and was sentenced to life without the possibility of parole. On March 30, 2018, then-Governor of California Jerry Brown commuted Cortez's sentence.

Upon his release, Cortez was transferred directly into immigration custody on April 5, 2018, pursuant to 8 U.S.C. § 1226(c), which requires the mandatory detention of certain categories of noncitizens, including those who have committed an "aggravated

---

[1] The following facts are not disputed.

felony," who are deportable under 8 U.S.C. § 1227(a)(2)(A)(iii). Pursuant to § 1226(c), Cortez has been continuously detained since April 5, 2018.

Over the next several months, Cortez challenged his removability under several theories, all of which were rejected by the presiding immigration judge (the "IJ"), on October 25, 2018. In the same order, the IJ ordered Cortez's removal to Nicaragua. Cortez's appeal of that decision to the Board of Immigration Appeals (the "BIA") remains pending.

On January 22, 2019, Cortez filed a motion for bond redetermination. Cortez argued that an IJ should hold a hearing because, as of that date, Cortez had been held for 292 days without having the opportunity for an independent determination as to whether he was a danger to the community or a risk of flight. On January 30, 2019, after determining that Cortez had failed to show he was not subject to mandatory detention under § 1226(c), the presiding immigration judge held that it lacked jurisdiction to entertain Cortez's request for a bond hearing and, accordingly, denied Cortez's motion. On February 27, 2019, Cortez appealed that decision to the BIA (the "bond appeal"). Like Cortez's other BIA appeal, the bond appeal remains pending.

On February 11, 2019, Cortez filed the present petition for writ of habeas corpus, asserting two causes of action: (1) violation of the Fifth Amendment's Due Process Clause; and (2) violation of the Eighth Amendment's prohibition on excessive bail.

**DISCUSSION**

**A.    Legal Standard**

Under 28 U.S.C. 2241(c)(3), a federal district court is authorized to grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). "[A]liens may continue to bring collateral legal challenges to the Attorney General's detention authority . . . through a petition for habeas corpus." Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942, 946 (9th Cir. 2008). Federal district courts have habeas jurisdiction under § 2241 to review bond hearing determinations of an alien held in custody pursuant to removal

2

1 proceedings. Singh v. Holder, 638 F.3d 1196, 1200 (9th Cir. 2011).

**B. Analysis**

### 1. Statutory Background

Section 1226(c) requires the mandatory detention of certain criminal aliens. As relevant here, that section provides: "(1) Custody. The Attorney General shall take into custody any alien who— . . . (B) is deportable by reason of having committed an offense covered in section 1227(a)(2)(A)[(iii)] . . . when the alien is released" from criminal detention. 8 U.S.C. § 1226(c) (emphasis added). Subsection (a)(2)(A)(iii) includes "aggravated felony," which is the basis of Cortez's current detention and ordered removal.

Further, if a noncitizen is properly detained pursuant to § 1226(c), an IJ may not alter the noncitizen's conditions of custody: "[A]n immigration judge may not redetermine conditions of custody imposed . . . with respect to the following classes of aliens . . . (D) Aliens in removal proceedings subject to section [1226(c)(1)] of the Act[.]" 8 C.F.R. § 1003.19(h)(2)(i)(D); see also In Re Rojas, 23 I. & N. Dec. 117, 127 (BIA 2001) (holding immigration judges lack jurisdiction to redetermine custody conditions for noncitizens subject to mandatory detention under § 1226(c)(1)); Cruz v. Sessions, No. 18-CV-06215-LHK, 2018 WL 6047287, at *2 (N.D. Cal. Nov. 18, 2018) ("If an alien is properly detained under § 1226(c), the IJ will not have authority to release the alien on bond.").

That said, the regulation also provides an explicit exception that allows an IJ to hold a bond hearing if she determines that the noncitizen was "not properly" included within a mandatory detention category. See 8 C.F.R. § 1003.19(h)(2)(ii) ("[N]othing in this paragraph shall be construed as prohibiting an alien from seeking a determination by an immigration judge that the alien is not properly included within" subsection (h)(2)(i)(D)). Here, pursuant to § 1003.19(h)(2)(ii), the IJ considered (and rejected) the argument that Cortez was not properly included within a mandatory detention category. Thus, the IJ held she lacked subject matter jurisdiction to redetermine Cortez's custody conditions.

### 2. Exhaustion

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). However, courts may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

As petitioner currently has two BIA appeals pending, it can hardly be disputed that petitioner has failed to exhaust his administrative remedies. Cortez contends, however, that his failure to exhaust administrative remedies should be waived because: (1) the BIA lacks special expertise over the constitutional issues raised in his petition; (2) the petition will not encourage the deliberate bypass of the administrative scheme because the present petition is unique; (3) the BIA will not administratively correct the IJ's denial of a bond hearing; and (4) petitioner's continued unconstitutional detention constitutes irreparable harm. Each of those reasons fail to persuade.

Petitioner's second and fourth arguments can be dispatched with alacrity. As to the former, Cortez's own petition belies his assertion that he is somehow uniquely situated. See Dkt. 1 ¶ 60 (discussing the number of noncitizens subject to detention for lengthy periods pending resolution of removal proceedings). And petitioner's irreparable harm-based argument begs the constitutional questions presented in his petition by

4

assuming that petitioner has suffered a constitutional injury. Moreover, petitioner's argument is essentially that "any delay in receiving a bond hearing results in a loss of liberty that requires" this court to act because the "administratively-established procedures may result in [undue] delay." Resendiz v. Holder, No. C 12-04850 WHA, 2012 WL 5451162, at *5 (N.D. Cal. Nov. 7, 2012). That is an argument "common to all aliens seeking review of their custody or bond determinations. Allowing those who argue procedural errors in their custody or bond determinations to bypass the administrative process would disrupt the agency's autonomy and result in unnecessary judicial review of unexhausted claims." Id.

Petitioner's remaining two arguments—that the BIA lacks expertise over constitutional issues and that the BIA will not correct the IJ's mistake—boil down to the contention that his bond appeal to the BIA is futile.

At a superficial level, petitioner's argument has some force. As discussed above, the relevant regulation and BIA precedent leave no doubt that an IJ lacks subject matter jurisdiction to alter a § 1226(c)-detainee's conditions of custody. Nor could the BIA hold that mandatory detention under § 1226(c) violated the Due Process Clause, or any other part of the Constitution. See Liu v. Waters, 55 F.3d 421, 425 (9th Cir. 1995) ("the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws"). For that reason, according to petitioner, the BIA will necessarily affirm the BIA's ruling that it lacked jurisdiction to hold a bond hearing for Cortez.

Those arguments, however, ignore the underlying issues presented to and decided by the IJ. Before reaching the issue of whether it had subject matter jurisdiction to hold a bond hearing, the IJ considered the propriety of Cortez's inclusion under § 1226(c):

> An alien may seek a custody redetermination before the Immigration Judge if it is determined that the respondent is not "properly included" within a mandatory detention category. 8 C.F.R. § 1003.19(h)(2)(ii). The respondent will not be properly included if, on the basis of the bond record as a whole, it is "substantially unlikely" that the Department would prevail on a charge of removability specified in [§ 1226(c)] of the Act.

5

> Matter of Joseph, 22 I&N Dec. 799, 802 (BIA 1999).
>
> In this case, the Court finds it lacks jurisdiction to redetermine the respondent's custody conditions, as [Cortez] has failed to meet his burden to demonstrate that he is not properly included within the mandatory custody provisions in [ ] [§ 1226(c)].

Dkt. 12-1 at 1-2.

That is, the IJ had jurisdiction to, and in fact did, consider whether Cortez was properly included under § 1226(c), but ultimately found that Cortez had failed to carry his burden on that question. It was for that reason the IJ concluded it lacked jurisdiction to hold a bond hearing. Nothing prevents the BIA from reviewing the IJ's § 1226(c)-related finding. Indeed, the BIA has a special expertise in reviewing the question of whether the bond record as a whole makes it "substantially unlikely that the Department w[ill] prevail" on Cortez's challenge to removability. Nor has Cortez provided any reason why the BIA will necessarily resolve that question in an unfavorable manner. And if the BIA does resolve the question in favor of Cortez, § 1003.19(h)(2)(i) will not bar the BIA from ordering an IJ to hold a bond hearing—the exact relief the present petition seeks. Further, the petition's constitutional issues do not prevent the BIA from providing that relief because the BIA need not reach any constitutional issue to resolve the above question in Cortez's favor. See also Sola v. Holder, 720 F.3d 1134, 1136 (9th Cir. 2013) ("[c]hallenges to procedural errors correctable by the administrative tribunal, must be exhausted before we undertake review"). Thus, while it is no doubt possible that the BIA will not disturb the IJ's decision, Cortez's bond appeal is by no means futile.

The relief available to petitioner through the BIA is the same as that requested of this court. Considering all the factors set forth in Puga and Laing, the court finds that the prudential exhaustion of administrative remedies is required, and that the petitioner has failed to establish any valid exception to the exhaustion requirement.

## CONCLUSION

For the foregoing reasons, the court DISMISSES without prejudice petitioner's § 2241 petition. Leonardo v. Crawford, 646 F.3d 1157, 1159 (9th Cir. 2011) ("When a petitioner does not exhaust administrative remedies, a district court ordinarily should

either dismiss the petition without prejudice or stay the proceedings[.]"). Depending on the result of Cortez's pending administrative proceedings, petitioner may again petition for a writ of habeas corpus in federal district court.

**IT IS SO ORDERED.**

Dated: April 5, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge